IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01128-BNB

HECTOR MARTINEZ JIMENEZ,[1]

     Plaintiff,

v.

PEOPLE OF STATE OF COLORADO,
C.O.D.OC. STERLING PRISON FACILITY,
LT. E. COLE,
SGTO. JOHNSON,
C/O STRAHNEYER,
C/O FERNANDEZ,
C/O BERNHARDT,
C/O WALRAVEN,
C.O MARCUS RYNEK, and
MRS. MARTEENA RING,

     Defendants.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 7 2007

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT

---

    Plaintiff, Hector Martinez Jimenez, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Sterling, Colorado, Correctional Facility. On May 18, 2007, Mr. Martinez Jimenez filed a letter with the Court in which he appears to assert that the conditions of his confinement violate his constitutional rights. The Court directed the Clerk of the Court to commence a civil action and instructed Plaintiff to file his claims on a Court-approved form and to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C.

---

    [1] The Court notes that Plaintiff has filed previous cases with this Court under the name of Hector Hugo Martinez Jimenez.

§ 1915, which he did on June 29, 2007.  On August 20, 2007, the Court granted Plaintiff leave to proceed pursuant to § 1915 without payment of an initial partial filing fee.

The Court must construe the Complaint liberally because Mr. Martinez Jimenez is a **pro se** litigant.  **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a **pro se** litigant's advocate.  **See Hall**, 935 F.2d at 1110.  For the reasons stated below, Mr. Martinez Jimenez will be ordered to file an Amended Complaint.

The Court has reviewed the Complaint and has determined that the Complaint is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow a court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  **See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989).

The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. **See TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), **aff'd**, 964 F.2d 1022 (10th Cir. 1992).  In order for Mr. Martinez Jimenez "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, — F.3d —, 2007 WL 1895877 at *3 (10th Cir. July 3, 2007).

Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Martinez Jimenez's Complaint is disjointed and vague. The Complaint contains conclusory statements that do not establish how any named Defendants violated Plaintiff's constitutional rights. Although it is evident that English is not Plaintiff's first language, Plaintiff appears to be able to express short and plain statements in English that would show how he is entitled to relief in this action. *See* Fed. R. Civ. P. 8(a)(2).

Mr. Martinez Jimenez must allege exactly what each defendant did to violate his constitutional rights. Personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) *Id.* Mr. Martinez Jimenez must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable

merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

With respect to Defendant C.O.D.O.C. Sterling Prison Facility, the State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Com'n*, 328 F.3d 638, 644 (10th Cir. 2003).

The Eleventh Amendment, however, does not bar a federal court action so long as the plaintiff seeks in substance only prospective relief rather money damages for alleged violations of federal law and asserts claims against individual state officers. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 277 (1997); *Hill v. Kemp*, 478 F.3d 1236 (10th Cir. 2007).

4

Defendant People of the State of Colorado also is an inappropriate party to the action.  Plaintiff further is reminded that he must name the same parties in Section A. of the complaint form that he lists in the caption of the complaint form.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that the Complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Martinez Jimenez should be given an opportunity to file a third amended complaint. He will be directed to do so below.  Accordingly, it is

ORDERED that Mr. Martinez Jimenez file **within thirty days from the date of this Order** an Amended Complaint that complies with the directives in the Order.  It is

FURTHER ORDERED that the Amended Complaint shall be titled, "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589.  It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Martinez Jimenez, together with a copy of this Order, two copies of a Prisoner Complaint form for use in submitting the Amended Complaint.  It is

FURTHER ORDERED that Mr. Martinez Jimenez submit sufficient copies of the Amended Complaint to serve each named defendant.  It is

FURTHER ORDERED that, if Mr. Martinez Jimenez fails within the time allowed to file an original and sufficient copies of an Amended Complaint that complies with this

Order, to the Court's satisfaction, the Amended Complaint and the action will be dismissed without further notice.

DATED August 27, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 07-cv-01128-BNB

Hector Hugo Martinez Jimenez
Prisoner No. 106871
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751


I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on _8/27/07_

GREGORY C. LANGHAM, CLERK

By:_____
                Deputy Clerk